Malcolm Douglas, Plaintiff, v. Joseph N. Weber, Individually and as President of the American Federation of Musicians, Defendant.

(Supreme Court, New York Special Term, February, 1919.)

Libel — a charge that a party " is in default in payments due to others " is not libelous per se — demurrer to complaint sustained.

    The publication of a charge that a party is in default in payments due to others is not libelous *per se*.

    A statement published by defendant, the president of the American Federation of Musicians, of and concerning plaintiff, to wit: " Malcolm Douglas due members No. 310, New York City, $360 " is entirely consistent with the view that he was in default in the payment of said amount, because he honestly disputed the correctness of the charge, and regardless of the circumstances in which it was made, casts no reflection upon plaintiff, even if understood to mean that he was in default in payments due to members of said association. So held upon sustaining a demurrer to the complaint, with leave to amend.

DEMURRER to complaint in an action for libel.

W. B. F. Rogers, for plaintiff.

W. P. Maloney, for defendants.

LEHMAN, J. The plaintiff brought an action for libel against the defendant Weber, individually and as president of the American Federation of Musicians. The complaint alleges that "the defendant Joseph Weber falsely published and caused to be published that the plaintiff was in default in the payments of moneys due to members of the American Federation of Musicians for services rendered to him in the capacity of musicians, that is to say, he transmitted to the International Musician, a monthly publication, the following false matter and thing concerning the plaintiff, to wit: ' Malcolm Douglas due members No. 310, New York City, $360,' thereby intending to mean that the plaintiff was in default in payments due to members of the American Federation of Musicians, and was so understood to mean by those reading said statement." The complaint also alleges that the American Federation of Musicians falsely published the same matter concerning the plaintiff with the same meaning and intent. There is no doubt that a charge that a man is unwilling or unable to pay his just debts seriously reflects upon his credit, but I have found no cases where a charge that a party is in default in payments due to others is libelous *per se*. The plaintiff has cited numerous cases where particular articles stating that persons had not paid particular debts were held libelous, but in each of those cases the statement itself was coupled with other words showing that the aggrieved party repudiated a just debt or it was made under circumstances which supported the innuendo

that the plaintiff was unable to satisfy the debt or was a person unable or unwilling to pay his debts. Practically every business man who enjoys any credit owes some money and for one reason or another is in default in payments of sums due. In the present case the statement made by the defendant is entirely consistent with the view that he was in default in the payment of $360 because he honestly disputed the correctness of the charge, and even if understood in the sense claimed by the plaintiff such a statement would not of itself, regardless of the circumstances under which it was made, cast any reflection upon him. It follows that the demurrer should be sustained, with $10 costs, and with leave to the plaintiff to serve an amended complaint on payment of said costs within twenty days after notice of entry of order herein.

Ordered accordingly.